# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **JOHN STAYROOK,** | : | **Case No. 1:06cv2049** |
|  | : |  |
|  | : |  |
| **Plaintiff,** | : | **JUDGE KATHLEEN O'MALLEY** |
|  | : | |
| **v.** | : |  |
|  | : |  |
| **VERIZON WIRELESS SERVICES, LLC,** | : |  |
| **et al.,** | : | **ORDER** |
|  | : |  |
|  | : |  |
| **Defendants.** | : |  |

Pending before the Court are three motions: (1) Defendant Verizon Wireless Services, LLC's ("Verizon") Motion to Dismiss Plaintiff's complaint (Doc. 4); (2) Plaintiff John Stayrook's ("Plaintiff") Motion to Remand (Doc. 6);[1] and (3) Plaintiff's Motion to Amend his complaint (Doc. 9). For the reasons outlined below, the Court **GRANTS** Plaintiff's Motion to Amend, the result of which eliminates Plaintiff's only federal claim and destroys diversity jurisdiction. Because the only claims that remain in the amended complaint are state law claims against non-diverse defendants, the Court declines to exercise supplemental jurisdiction over those claims and **REMANDS** this matter to the Court of Common Pleas for Medina County, Ohio, where it was originally filed. The Court expresses no opinion on the merits of the arguments raised by Verizon in its opposition to Plaintiff's Motion to Amend.

---

[1] Plaintiff filed a *Brief in Opposition to Defendant's Notice of Removal*, which Verizon correctly treated as a motion to remand and filed an opposition brief accordingly.

## I.    BACKGROUND

On July 26, 2006, Plaintiff filed a complaint in Court of Common Pleas for Medina County, Ohio, naming the following defendants:  Verizon, John A. Doe, and a John Doe entity.  According to his complaint, Plaintiff is an undercover detective with the Wayne County Sheriff's Department who used Verizon for his wireless cellular service.  Plaintiff alleges that Verizon and/or John Doe unlawfully disclosed his information to an unnamed individual, resulting in Plaintiff's identity being revealed to criminals with whom Plaintiff consorted while working as an undercover officer.  As a result, Plaintiff contends that he was forced to relocate.  In his original complaint, Plaintiff asserted two counts: (1) negligence; and (2) violation of 47 U.S.C. § 605, which governs the unauthorized publication or use of communication sent by "wire or radio."

On August 25, 2006, Verizon removed this action to this Court on the basis of both federal question jurisdiction and diversity jurisdiction.[2]  Thereafter, Verizon moved to dismiss Plaintiff's

---

[2]   As for diversity jurisdiction, Plaintiff is an individual residing in Ohio, and Plaintiff alleges in his complaint that Verizon is "a foreign company licensed to do business in the State of Ohio" (Doc. 1-2 at ¶ 2).   Verizon's Notice of Removal, however, indicates that "Verizon Wireless is a Delaware limited liability company with its principal place of business in New Jersey."   Regardless of which characterization of Verizon's citizenship is correct, it is not a citizen of Ohio for purposes of diversity jurisdiction, and, at least as to these parties, complete diversity exists.   Verizon also asserted in its Notice of Removal that it believed the amount in controversy to be over $75,000, an assertion that Plaintiff initially contested in his Motion to Remand, though Plaintiff did not stipulate that he was seeking less than that amount.   In his proposed amended complaint, however, Plaintiff appears to seek more than $75,000, including a request for punitive damages, which may be considered in determining the whether the requisite amount in controversy has been satisfied.  *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 827 (6th Cir. 2006) ("[A]n individual's request for punitive damages of course may satisfy the amount-in-controversy requirement.") Such an award is possible in this case because, in Ohio, punitive damages are available if Plaintiff can establish that Defendants acted with actual malice. *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 182 (Ohio 1975) ("It is an established principle of law in this state that punitive damages may be awarded in tort cases involving fraud, insult, or malice.")

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the federal communications statute does not provide Plaintiff with a cause of action and that Plaintiff's negligence claim fails because Verizon does not owe any duty of care to Plaintiff.  Plaintiff filed a brief in opposition to Verizon's Motion to Dismiss and, simultaneously, filed his Motion to Amend. In his Motion to Amend, Plaintiff seeks to amend his complaint by removing his claims for negligence and violation of 47 U.S.C. § 605, and by adding claims for invasion of privacy, intentional infliction of emotional distress, and a separate count for punitive damages.  In addition, Plaintiff seeks to identify one of the John Doe defendants as Marc A. Dukles, an inmate in Medina County Jail who allegedly requested and received Plaintiff's information from Verizon.  The other John Doe defendant remains unnamed in Plaintiff's proposed amended complaint, though Plaintiff further identifies him as "an individual and employee, agent or representative of Verizon residing in Medina County, Ohio."  (Doc. 9-2 at ¶ 4.)

## II.    ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave of court to amend a pleading "shall be freely given when justice so requires."  Such leave should be given absent an "apparent or declared reason – such as undue delay, bad faith or dilatory motives on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962).  A proposed amendment is "futile" if it would not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Thoikol Corp. v.  Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d  376, 383 (6th Cir. 1993).  When evaluating a complaint in light of a motion to dismiss, the Court must accept all of the plaintiff's

3

allegations as true and resolve every doubt in the plaintiff's favor.  *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  In this case, Verizon argues that permitting the proposed amendment would be futile because neither the invasion of privacy claim nor the intentional infliction of emotional distress claim state a claim for relief.

Given the nature of Plaintiff's proposed amendment, and the other briefing that has occurred since this case was removed to federal court, the Court finds that the appropriate course of action in this case is to permit the amendment and remand this action to state court to address Verizon's arguments in support of dismissal.  The briefing in this case has made clear, and, indeed, Plaintiff has conceded, that there is no viable claim under 47 U.S.C. § 605, the only basis for this Court's federal question jurisdiction.[3]  As a result, the Court must evaluate its subject matter jurisdiction over this case.

It is well established that this Court must determine its subject matter jurisdiction "by examining the complaint as it existed at the time of removal."  *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 551 (6th Cir. 2006)  "Subsequent amendments are permitted, of course; but if an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court under 28 U.S.C. § 1367(c)."  *Id.*  In this case, rather than address whether Plaintiff has adequately alleged purely state law causes of action, this Court finds it more appropriate to permit the amendment and decline to exercise supplemental jurisdiction over the two state law claims in the newly-amended complaint.  The Court would, therefore, remand those claims absent any other

---

[3]  It appears that Plaintiff included a cause of action under 47 U.S.C. § 605 only to bolster his allegation that Verizon owed Plaintiff a duty of care for purposes of his negligence claim.

4

basis for subject matter jurisdiction.

In this case, however, Verizon also asserts in its Notice of Removal that diversity jurisdiction exists by virtue of Plaintiff being an Ohio resident and Verizon being a Delaware limited liability company with its principal place of business in New Jersey.  Verizon is correct that, at the time of removal, diversity jurisdiction existed.  Although the original complaint named two John Doe defendants who were most likely Ohio citizens, the federal removal statute makes clear that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a); *see also Derungs v. Wal-Mart Stores, Inc.*, 162 F.Supp.2d 861, 863 n.4 (S.D. Ohio 2001) (disregarding citizenship of unnamed defendants because, "[a]lthough it is extremely likely that the five John Doe Defendants are citizens of Ohio, given that they work in Dayton-area Wal-Mart stores, they remain unidentified in the Plaintiffs' amended complaint.") (citing *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948 (6th Cir. 1994)).

In Plaintiff's amended complaint, however, he replaces one fictitious defendant with Marc Dukles, an inmate in Medina County Jail in Medina, Ohio.  Although, for purposes of diversity jurisdiction, "there is a rebuttable presumption that a prisoner retains his former domicile after incarceration," *Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir. 1973), there is nothing to indicate that Dukles' former domicile was anywhere other than Ohio.  The presence of Dukles as a defendant in this lawsuit, therefore, destroys diversity jurisdiction.  *See Safeco Ins. Co. of America v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994) (explaining that complete diversity requires that there be "diversity between all of the plaintiffs and all of the defendants.")

In addition, Plaintiff also alleges that the other John Doe, an employee or agent of Verizon, resides in Medina, Ohio.  Although fictitious defendants may not be considered for purposes of

diversity jurisdiction, it is unclear whether that principle also applies when the complaint alleges specific information about the John Doe defendant, including his place of residence. The Court need not decide that issue now because Dukles alone destroys diversity, but it is worth noting that, even if Dukles is dismissed or can otherwise show that he is not a resident of Ohio, the future identification of this John Doe Verizon employee likely will destroy diversity jurisdiction.[4]

Accordingly, as a result of Plaintiff's amendment to his complaint, there are no longer any federal claims in this case, and diversity jurisdiction no longer exists. As the Sixth Circuit indicated, "if an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court under 28 U.S.C. § 1367(c)." *Eastman*, 438 F.3d at 551. In this case, the Court declines to exercise jurisdiction and remands this case to state court.[5]

## III.    CONCLUSION

For the reasons stated above, Plaintiff's Motion to Amend his complaint is **GRANTED**, thus rendering Verizon's Motion to Dismiss and Plaintiff's Motion to Remand **MOOT**. As indicated,

---

[4] In its opposition to Plaintiff's Motion to Amend, Verizon does not challenge the addition (or identification) of Dukles as a defendant, nor does Verizon argue that Plaintiff's proposed amendment is a fraudulent attempt to defeat this Court's jurisdiction.

[5] In addition, 28 U.S.C. § 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Under this section, it appears that permitting the addition of a party whose presence would destroy subject matter jurisdiction requires automatic remand of the case, rather than discretionary remand under 28 U.S.C. § 1367(c). The Sixth Circuit has specifically held that § 1447(e) applies when fictitious defendants are identified and replaced with non-diverse, named defendants. *See Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540-42 (6th Cir. 2006) (citing *Casas Office Mach., Inc. v. Mita Copystar Am. Inc.*, 42 F.3d 668 (1st Cir. 1994). Because the present case also involved federal question jurisdiction in addition to diversity jurisdiction, it is likely that remand is discretionary rather than automatic. Regardless of what statute governs remand in this case, however, the outcome remains the same.

the Court declines to exercise jurisdiction over Plaintiff's state law claims against non-diverse defendants and, therefore, **REMANDS** this action to the Court of Common Pleas for Medina County, Ohio, where it was originally filed.  The Court expresses no opinion on the merits of the arguments raised by Verizon in its opposition to Plaintiff's Motion to Amend.

    **IT IS SO ORDERED.**

         **s/Kathleen M. O'Malley**
         **KATHLEEN McDONALD O'MALLEY**
         **UNITED STATES DISTRICT JUDGE**

**Dated:  May 29, 2007**